

# NUMBER 13-13-00691-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS POLITICAL SUBDIVISION, Appellant,

v.

PHARR SAN JUAN ALAMO I.S.D., Appellee.

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Texas Political Subdivision ("TPS") appeals an order denying its motion for summary judgment concerning an automobile insurance policy that was issued to appellee Pharr San Juan Alamo ISD ("PSJA"). TPS filed the underlying action seeking a judgment declaring that it did not have a duty to defend or indemnify PSJA in a third-party suit alleging personal injuries sustained from the negligent operation of a golf cart.

By two issues, TPS argues the trial court erred in denying its motion for summary judgment because: (1) a golf cart is excluded under the definition of "mobile equipment" and is not an "auto" under the policy; and (2) the third-party pleading negates both the duty to defend and indemnity because it alleges injuries sustained relating to operation of a golf cart. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

TPS issued PSJA an automobile liability and physical damage policy (the "policy"). Lorena Flores, as next friend of Alexis Flores, filed a lawsuit against PSJA alleging personal injuries resulting from the negligent use of a golf cart by a PSJA employee.[1] Specifically, the Flores lawsuit alleged that "Alexis Flores was severely injured after being thrown from a golf cart" operated by a PSJA employee. The employee allegedly "turned the golf cart abruptly, thereby, throwing Alexis Flores from the vehicle and resulting in the injuries to her knee."

By written correspondence, PSJA demanded that TPS defend and indemnify the school district under the policy. TPS responded in writing that it would not provide a defense or indemnify PSJA because the policy did not provide coverage for golf carts. TPS later filed the instant declaratory judgment action seeking a "judgment declaring that the automobile policy issued by TPS to PSJA does not provide coverage for the type of vehicle at issue in [the Flores lawsuit] and theat [sic] [TPS] has no obligation to defend or indemnify [PSJA]." TPS also brought a claim for attorney's fees under Chapter 37 of the Texas Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009

---

[1] The facts are taken from TPS's live pleading and the exhibits attached thereto. The policy and third-party lawsuit were attached as exhibits to TPS's live pleading.

(West, Westlaw through Chapter 46 2015 R.S.) ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). PSJA filed an answer asserting a general denial and also raising a claim for attorney's fees under section 37.009. *See id.*

The trial court held a hearing on October 30, 2013, during which the parties presented argument. The trial court entered no orders and made no rulings at the hearing. On November 5, 2013, TPS moved for traditional summary judgment. Relying on Flores' petition and the policy, TPS argued that "[t]he duty to defend and the duty to indemnify are both negated from the underlying pleading as the golf cart is not covered under the policy at issue, regardless of liability." On November 14, 2013, PSJA filed a response opposing TPS's summary judgment motion. PSJA did not file a cross-motion for summary judgment. On that same day, in a "Final Order," the trial court denied TPS's motion for summary judgment, denied TPS's request for declaratory judgment, and dismissed TPS's claims against PSJA. The order did not expressly address the parties' claims for attorney's fees. This appeal followed.

## II. FINAL JUDGMENT

As a threshold matter we must determine whether the trial court's order is a final appealable judgment. The trial court's order in this case reads as follows:

> CAME BEFORE THE COURT, the matter of Plaintiff Texas Political Subdivisions Property/Casualty Joint Self Insurance Fund's Request for Declaratory Judgment and Motion for Summary Judgment, and the Court, having considered all pleadings, motions, briefs and other filings and having heard arguments of counsel for both Plaintiff and Defendant, is of the opinion that the relief requested by Plaintiff should be denied,

3

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiffs Motion for Summary Judgment is in all things DENIED.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's request for Declaratory Judgment is in all things DENIED.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiffs claims against Defendant Pharr San Juan Alamo Independent School District are dismissed with court costs to be borne by the party incurring same.

All relief requested in this case and not expressly granted is denied. This instrument is a final and appealable Order disposing of all parties and claims herein.

Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id.* Whether a judicial decree is a final judgment must be determined from its language and the record in the case. *Id.*

In *Farm Bureau County Mutual Insurance Company vs. Rogers*, an automobile insurer brought a declaratory judgment action against its insured seeking a declaration that it was not obligated to defend or indemnify the insured and seeking an award of attorney's fees. 455 S.W.3d 161, 162 (Tex. 2015). Although Farm Bureau moved for summary judgment, the defendant did not file a cross-motion seeking summary judgment in her favor. *Id.* The trial court denied Farm Bureau's motion for summary judgment, and Farm Bureau appealed. *Id.* The court of appeals subsequently dismissed the appeal for want of jurisdiction, holding that an order denying a motion for summary judgment could not be final and appealable unless the opposing party filed a cross-motion for summary judgment. *Id.*

4

The Texas Supreme Court affirmed the dismissal, but on other grounds.[2] *Id.* at 163. The court concluded that nothing in the trial court's judgment suggested that it intended to deny the defendant's claim for attorney fees. *Id.* The award of court costs, by itself, did not make the judgment final. *Id.* The court held that the resolution of a claim for court costs did not dispose of a claim for attorney's fees and did not serve as an indicium of finality. *Id.* at 163-64 (discussing *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001)); *see also Lehmann*, 39 S.W.3d at 200.

Here, while the trial court's order purports to be a final order, we note that it does not explicitly address the parties' competing claims for attorney's fees. The order dismisses TPS's claims against PSJA, but makes no reference to PSJA's claim for attorney's fees. "An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs." *Lehmann*, 39 S.W.3d at 205. Language that a plaintiff take nothing by his claims or that the case is dismissed shows finality only if there are no other claims by other parties. *Id.* Nothing in the trial court's order suggests that it intended to deny PSJA's claim for attorney's fees. Because the order at issue does not dispose of all claims, it is not a final judgment. *See Farm Bureau Cnty. Mut. Ins. Co.,* 455 S.W.3d at 164; *McNally*, 52 S.W.3d at 196.

### III. DISPOSITION

---

[2] The Supreme Court agreed with Farm Bureau and concluded that the insured's failure to file a cross-motion for summary judgment did not preclude the trial court from entering a "final" judgment. *Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015). In the event the trial court's intent to enter a final judgment is "clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment . . . In that case, the judgment is final—erroneous, but final." *Id.* (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)).

Texas Rule of Appellate Procedure 27.2 and *Lehmann* authorize appellate courts to abate the appeal and remand the case to the trial court for modification of the order or clarification of the trial court's intent to enter a final judgment. However, this procedure is available only if we are uncertain whether the trial court intended to enter a final judgment. *Lehmann*, 39 S.W.3d at 206.

In the present case, the trial court's failure to address PSJA's claims is a clear indication that the order is not a final judgment. When there are unaddressed claims before the trial court, dismissal—not abatement—is the proper disposition. *See Parks v. DeWitt County Elec. Co-op., Inc.*, 112 S.W.3d 157, 163–64 (Tex. App.—Corpus Christi 2003, no pet.); *see also Allein v. Sanders*, 13-05-514-CV, 2006 WL 177635, at * 2 (Tex. App.—Corpus Christi Jan. 26, 2006, no pet.) (mem. op.); *Chapman v. Gary's Pool & Patio*, No. 13-05-587-CV, 2006 WL 133990, at *2 (Tex. App.—Corpus Christi Jan. 19, 2006, no pet.) (mem. op.). The record does not affirmatively demonstrate that a final judgment was rendered disposing of all claims. Therefore, dismissal is required. *See Parks*, 112 S.W.3d at 163–64.

## IV. CONCLUSION

We dismiss the appeal for want of jurisdiction.

GREGORY T. PERKES
Justice

Delivered and filed the
9th day of July, 2015.

6