In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00331-CV
_____

MIKE O'BRIEN, Appellant

V.

CORINTHIAN POINT YACHT AND RACQUET CLUB, INC., Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 13-02-01368 CV

MEMORANDUM OPINION

Appellant Mike O'Brien appeals from a summary judgment order entered on June 25, 2013 in favor of Corinthian Point Yacht and Racquet Club, Inc. ("Corinthian Point"). We questioned our jurisdiction over this appeal and requested further briefing from both parties. *See* Tex. R. App. P. 42.3(a). Appellate jurisdiction is never presumed; if the record does not affirmatively demonstrate appellate jurisdiction is proper, the appeal must be dismissed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no

pet.). Our review of the record indicates that the summary judgment order is interlocutory and cannot properly dispose of all issues as to all parties by the cross-motions for summary judgment. Therefore, we must dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

## Procedural History

O'Brien filed suit against Corinthian Point in February 2013. O'Brien's live pleading sought declaratory relief and included a claim for attorney's fees pursuant to section 37.009 of the Texas Civil Practice and Remedies Code. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015) (stating that in a declaratory judgment proceeding "the court may award costs and reasonable and necessary attorney's fees as are equitable and just"). Corinthian Point answered and filed a counterclaim wherein Corinthian Point sought declaratory relief, damages based on O'Brien's alleged deed restriction violations, attorney's fees and court costs pursuant to section 37.009 of the Texas Civil Practice and Remedies Code, and attorney's fees pursuant to Texas Property Code sections 5.006(a) and 209.008. *See id.*; Tex. Prop. Code Ann. §§ 5.006(a) ("In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim."), 209.008(a) (providing that when proper notice is

2

given, a property owners' association may collect reimbursement of reasonable attorney's fees and other reasonable costs incurred by the association for enforcing restrictions, the bylaws, or rules of the association) (West 2014).

O'Brien sought summary judgment on his claims for declaratory relief and for attorney's fees. Corinthian Point also moved for summary judgment seeking judgment on O'Brien's claims, as well as judgment on Corinthian Point's claims for declaratory relief, damages for O'Brien's deed violations, and for attorney's fees under section 37.009 of the Texas Civil Practice and Remedies Code. Corinthian Point did not move for summary judgment on its claims for attorney's fees pursuant to Texas Property Code sections 5.006(a) and 209.008.

The trial court denied O'Brien's motion and granted Corinthian Point's motion in part. The trial court's June 25 order granting Corinthian Point's motion is titled, "ORDER ON DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT[.]" The order states that O'Brien is in violation of Corinthian Point's declarations, deed restrictions, and the mandates of Corinthian Point's Architectural Control Committee. The order also states that "[O'Brien] must properly install his fence in accordance with the conditional approval granted by [Corinthian Point's] Architectural Control Committee to provide unobstructed access for maintenance of the Common Area[.]" The trial court struck through the

3

language in the order granting Corinthian Point's claim for monetary damages. The trial court also struck through the following statement in the order: "All of Mike O'Brien's claims and causes of action are hereby dismissed with prejudice as to Corinthian Point Yacht and Racquet Club, Inc." In its place, the trial judge hand wrote "All relief not expressly granted herein is DENIED." The order does not expressly reference the parties' claims for attorney's fees or court costs. The order does not contain the word "final" or any variation thereof.

**Appellate Jurisdiction**

We are required to review issues affecting jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Generally, an appeal may only be taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Id*. If, as in this case, there has not been a conventional trial on the merits, we do not presume that a judgment is final. *See id*. at 199-200. The inclusion of a "Mother Hubbard" clause—i.e., a statement that "'all relief not granted is denied', or essentially those words"—in a judgment rendered without a conventional trial does not render the judgment final for purposes of appeal. *Id*. at 203-04. Because the standard Mother Hubbard clause is ambiguous, it cannot be taken as an indication

4

of finality in any order not issued after a conventional trial. *Id*. at 204, 206. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id*. at 205. There must be a "clear indication that the trial court intended the order to completely dispose of the entire case." *Id*. The appellate court may look at the record to determine whether an order disposes of all pending claims and parties. *Id*. at 205-06.

The June 25 order granting Corinthian Point's motion does not appear to be a final judgment under *Lehmann*. Corinthian Point specifically requested attorney's fees under section 37.009 in its motion for summary judgment, but it did not seek summary judgment on its claims for attorney's fees under the Texas Property Code. Although the June 25 order contains a Mother Hubbard clause, the clause, on its face, does not implicitly dispose of claims not expressly mentioned in the order, including all of Corinthian Point's claims for attorney's fees. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015). Moreover, even if we could presume the trial court may have considered an award of attorney's fees under the Declaratory Judgment Act, there is no indication that the trial court contemplated Corinthian Point's other two claims for attorney's fees

5

when it signed the June 25 order as those claims were not included in Corinthian Point's motion for summary judgment.

Additionally, by striking out the language in the June 25 order awarding damages to Corinthian Point, the trial court denied Corinthian Point's summary judgment as to damages under section 202.004(c) of the Texas Property Code. "When a trial court denies summary judgment, it denies only summary judgment relief; it does not adjudicate the underlying claim." *Wasserberg v. RES-TX One, LLC*, No. 14-13-00674-CV, 2014 WL 6922545, at * 4 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. filed). Accordingly, by striking the award of damages from the order granting summary judgment, the trial court neither granted nor denied damages. *See id.* Thus, while the parties suggested that this Court abate the appeal and remand the matter to the trial court, based on the cross-motions for summary judgment before the trial court, the trial court is unable to render a full and final judgment in this case.

The fact that the June 25 order contained a Mother Hubbard clause does not make the order a final judgment. *See Lehmann*, 39 S.W.3d at 203-04; *see also In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010). We find no clear indication in the record that the trial court intended to dispose of all remaining issues when it included the Mother Hubbard clause in the June 25 order. After examining the

6

express language of the June 25 order and determining that it does not dispose of all claims against all parties, we conclude the June 25 order is not a final order. *See Lehmann*, 39 S.W.3d at 200; *see also McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001).

Because the order in the underlying case is not final, and an interlocutory appeal of the order is not authorized by statute, we lack jurisdiction over this appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a).

DISMISSED FOR WANT OF JURISDICTION.

_____
CHARLES KREGER
Justice

Submitted on October 15, 2014
Opinion Delivered August 27, 2015

Before Kreger, Horton, and Johnson, JJ.