# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00230-CV

**Metropolitan Water Company, L.P.; and Met Water Vista Ridge, L.P., Appellants**

**v.**

**Blue Water Systems, L.P.; and Blue Water 130 Project, L.P., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-18-001582, HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Metropolitan Water Company, L.P., and Met Water Vista Ridge, L.P., appeal the trial court's "Order on Summary Judgment Motions" (Order) that partially granted appellees' motion for summary judgment on three of appellants' counterclaims alleging breaches of various contracts. The Order also denied appellants' summary-judgment motion on appellees' breach-of-contract claims. After the trial court rendered the Order, it rendered an agreed order severing the three counterclaims on which it granted partial summary judgment. In their notice of appeal, appellants contend that the "interlocutory [O]rder became a final judgment when this Court severed Plaintiff's [three counterclaims]." There is no final judgment or other relevant order in the record.

Although the Order disposed of appellants' three counterclaims, which were then severed into their own cause, appellees' live counterclaim for attorney's fees with respect to those three counterclaims was not disposed of in the Order or otherwise in the record and remains pending.

*See Farm Bureau Cty. Mutual Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (holding that in absence of evidence that trial court intended to dispose of live claim for attorney's fees, summary judgment was not final); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (holding that where live pleading includes request for attorney's fees, and such request is not disposed of on summary judgment, summary judgment is interlocutory and not appealable).

The Order does not unequivocally express that it was intended to be final or make any reference to appellees' live claim for attorney's fees. Nothing in the Order suggests that the trial court intended to deny attorney's fees, and its statement that appellees' "MSJ on all other issues is DENIED" does not constitute disposition of that live claim. *See Farm Bureau Cty. Mutual Ins. Co.*, 455 S.W.3d at 164 (holding that when party did not "expressly request attorney's fees in its motion for summary judgment" or "attach evidence supporting its claim for fees," there was "no reason to presume that the trial court considered the issue," despite existence of Mother Hubbard clause in order denying all relief "'which is not expressly granted herein'"). "Instead, there must be evidence in the record to prove the trial court's intent to dispose of any remaining issues when it includes a Mother Hubbard clause in an order denying summary judgment." *Id.*

Because there is no evidence in the record that the Order intended to dispose of all claims at issue in the severed cause, it is not final and thus not appealable. *See id.*; *see also Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) ("Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments."). Accordingly, we dismiss the appeal for want of jurisdiction.

2

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:   June 15, 2018