# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00532-CV

---

**Paul Bethany, Appellant**

**v.**

**Stephen Charles Bethany, Executor of the Estate of Mildred Louise Bethany, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 10303, THE HONORABLE BARBARA MOLINA, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Paul Bethany appeals from the trial court's judgment denying his motion to remove appellee Stephen Charles Bethany as independent executor of the estate of Mildred Louise Bethany, their mother.[1]  Stephen has filed a motion to dismiss the appeal for want of jurisdiction, arguing that the trial court's judgment is not final.  We agree and will dismiss the appeal for want of jurisdiction.

On May 29, 2018, Stephen admitted to probate Mildred's Last Will and Testament.  In the will, Mildred had appointed Stephen as the independent executor of her estate upon the death of Mildred's husband, who had predeceased her.  Mildred had appointed Paul as successor independent executor if, for whatever reason, Stephen became unable to serve.

On April 11, 2019, Paul filed a motion to remove Stephen as independent executor.  Paul also moved for costs and expenses incurred by him incident to removal, including

---

[1] Because the parties share the same surname, we will refer to them using their first names.

reasonable attorney's fees. In his response to the motion, Stephen similarly moved for costs and expenses in defending against removal, including reasonable attorney's fees. Following a hearing, the trial court denied Paul's motion and ordered that Stephen be continued as executor. In its written judgment denying relief, the trial court did not address the issue of attorney's fees.

In his motion to dismiss, Stephen asserts that we lack jurisdiction over this appeal because the trial court's judgment is not a final order. Stephen argues that there are claims that remain pending, including his claim for attorney's fees. Paul asserts in response that "there are no further issues or parties not disposed of" by the trial court's judgment. However, Paul does not address the issue of attorney's fees.

"Generally, appeals may be taken only from final judgments." *Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *Lehmann*, 39 S.W.3d at 192). However, "[n]ot every interlocutory order in a probate case is appealable." *Id.* The test is whether the order "dispose[s] of all parties or issues in a particular phase of the probate proceedings." *Id.*

This phase of the probate proceedings involved Paul's motion to remove Stephen as independent executor. That motion and Stephen's response to the motion included claims for costs and expenses, including reasonable attorney's fees, incident to the removal proceedings. *See* Tex. Estates Code § 404.0037(a) (authorizing recovery of costs and expenses incurred by independent executor defending against removal), (b) (authorizing recovery of costs and expenses incurred by party seeking removal). However, the trial court's written judgment did not dispose of those claims or address them in any manner. It is well established that an order that does not

2

dispose of all pending claims, including attorney's fees, is not a final order. *See Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015); *McNally v. Guevara*, 52 S.W.3d 195, 195 (Tex. 2001) (per curiam); *In re Estate of Rhoades*, No. 02-15-00081-CV, 2015 Tex. App. LEXIS 5945, *6 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.); *Haluska v. Haluska-Rausch*, No. 03-11-00312-CV, 2012 Tex. App. LEXIS 744, *6–7 (Tex. App.—Austin Jan. 24, 2012, no pet.) (mem. op.); *see also Melton v. CU Members Mortg.*, 586 S.W.3d 26, 36 (Tex. App.—Austin 2019, pet. denied) (concluding that "the remaining issue of attorney's fees" rendered judgment interlocutory rather than final). Accordingly, we grant Stephen's motion to dismiss the appeal and dismiss the appeal for want of jurisdiction. We dismiss as moot Stephen's motion for extension of time to file his appellee's brief.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed: March 20, 2020