# IN THE SUPREME COURT OF TEXAS

No. 14-0279

FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY,
PETITIONER,

v.

CRISTIL ROGERS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS

**PER CURIAM**

This case presents the familiar issue of whether a trial court's order, issued without a full trial and containing a Mother Hubbard clause, is final for purposes of appeal. In this declaratory judgment action involving insurance coverage, the court of appeals held that the trial court's order denying the insurer's motion for summary judgment is not final because the insured did not file a cross-motion for summary judgment. We agree that the order is not final, but for a different reason: it did not resolve the parties' competing requests for attorney's fees. We therefore affirm the court of appeals' dismissal of this appeal.

Farm Bureau County Mutual Insurance Company filed this declaratory judgment action against its insured, Cristil Rogers, seeking a declaration that it had no duty to defend or indemnify her in an underlying tort action (the Dominguez suit)[1] and requesting an award of court costs and

---

[1] The plaintiffs in the Dominguez suit sought damages for injuries they sustained when they were thrown from their horses while riding along FM 906 in Lamar County, Texas. Their petition alleged that, as Rogers drove past them in a pickup truck, a dog leaped from the bed of the truck and charged at the horses, causing them to buck and throw the plaintiffs. The plaintiffs alleged that Rogers proximately caused their injuries by negligently failing to secure her dog. Rogers sought coverage of these claims under her automobile insurance policy with Farm Bureau.

attorney's fees under the Uniform Declaratory Judgments Act (UDJA). *See* TEX. CIV. PRAC. & REM. CODE § 37.009 (authorizing courts in a declaratory judgment action to award "costs and reasonable and necessary attorney's fees as are equitable and just"). Rogers answered the suit and prayed for recovery of her court costs and attorney's fees under the Texas Deceptive Trade Practices Act (DTPA), even though she asserted no claims for relief under the DTPA.

Farm Bureau later moved for summary judgment. Rogers opposed the motion but did not file a cross-motion seeking summary judgment in her favor. After a hearing on Farm Bureau's motion, the trial court entered an "Order Denying Plaintiff Farm Bureau['s] . . . Motion for Summary Judgment." The order decreed that (1) Farm Bureau "has a duty to defend [Rogers] in or as to" the Dominguez suit; (2) Farm Bureau "has a duty to indemnify [Rogers] in or as to" the Dominguez suit; (3) "[a]ll court costs are taxed against the party incurring same"; and (4) "[a]ny and all relief sought in this cause which is not expressly granted herein is DENIED." The order did not expressly address the parties' claims for attorney's fees.

The court of appeals dismissed Farm Bureau's appeal for want of jurisdiction, holding that an order denying a motion for summary judgment cannot be final and appealable unless the opposing party filed a cross-motion for summary judgment. Farm Bureau petitioned for this Court's review. Relying on our decision in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), Farm Bureau argues that the trial court's order is a final and appealable judgment because it disposed of all parties and claims, even though Rogers did not file a cross-motion for summary judgment seeking that relief. Rogers responds by arguing that the order is not a final judgment because it did not dispose of the parties' competing claims for attorney's fees. In reply, Farm Bureau argues that Rogers' request for attorney's fees under the DTPA was defective and the trial

2

court implicitly denied both parties' requests for attorney's fees by expressly taxing court costs to each party and denying "[a]ny and all relief . . . which is not expressly granted herein."[2]

We agree with Farm Bureau that the fact that Rogers did not file a cross-motion for summary judgment did not preclude the trial court from entering a "final" judgment. As we explained in *Lehmann*, "the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 200. If the trial court's intent to enter a final judgment is "clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id*. In that case, "the judgment is final—erroneous, but final." *Id*. But we agree with Rogers that the order at issue here did not dispose of all parties and claims, because neither the language taxing court costs nor the Mother Hubbard clause disposed of the parties' claims for attorney's fees.

In *Lehmann*, we held that "a judgment issued without a conventional trial is final for purposes of appeal if and only if either [1] it actually disposes of all claims and parties then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. We explained that "[a]n order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, *or even because it awards costs*." *Id.* at 205 (emphasis added). "Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* Attempting to resolve decades of confusion,

---

[2] We need not consider Farm Bureau's argument that Rogers' claim for attorney's fees is defective because, even if it is, Farm Bureau's own claim for attorney's fees remains pending. *See Barshop v. Medina Cnty. Underground Water Conserv. Dist.*, 925 S.W.2d 618, 637–38 (Tex. 1996) (holding that failure to "substantially prevail[ ]" on a declaratory judgment claim does not preclude recovery of attorney's fees under the UDJA).

we held that "the inclusion of a Mother Hubbard clause—by which we mean the statement, 'all relief not granted is denied', or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *Id.* at 203–04. Mother Hubbard clauses are problematic because they are open to interpretation. *Id.* at 204. Sometimes a Mother Hubbard clause "mean[s] only that the relief requested *in the motion*—not all the relief requested by anyone in the case—and not granted by the order is denied," and sometimes it "may also have no intended meaning at all, having been inserted for no other reason than that it appears in a form book or resides on a word processor." *Id.* We thus rejected the notion that a Mother Hubbard clause gives "any indicia of finality in any order not issued after a conventional trial." *Id.*

After *Lehmann*, we confirmed that the disposition of a claim for court costs does not dispose of a claim for attorney's fees, even when doing so would also dispose of all parties and claims. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001). In *McNally*, the defendants filed a motion for summary judgment but failed to request summary judgment on their counterclaim for attorney's fees. Although the trial court's order granted the motion and taxed court costs against the plaintiff, we concluded that "[n]othing in the trial court's judgment, other than its award of costs to the defendants, suggests that it intended to deny the defendants' claim for attorney fees. The award of costs, by itself, does not make the judgment final." *Id.* Consistent with our statement in *Lehmann*, we held that the resolution of a claim for court costs did not dispose of a claim for attorney's fees and did not serve as an indicium of finality. *See id.*; *Lehmann*, 39 S.W.3d at 205.

This case is slightly different from *McNally* because, although Farm Bureau failed to expressly request attorney's fees in its motion for summary judgment, it argues that the Mother Hubbard clause, not just the disposition of court costs, effectively denied the claim for attorney's

fees. However, the reasoning of *Lehmann* and *McNally* control our decision here. Interpreting Mother Hubbard clauses in the manner Farm Bureau urges would necessarily run afoul of *Lehmann* because it would allow such clauses to serve as indicia of finality for purposes of appeal—the very function we prohibited in *Lehmann*. Thus, Mother Hubbard clauses do not, on their face, implicitly dispose of claims not expressly mentioned in the order, including claims for attorney's fees. Instead, there must be evidence in the record to prove the trial court's intent to dispose of any remaining issues when it includes a Mother Hubbard clause in an order denying summary judgment. *See Lehmann*, 39 S.W.3d at 205–06; *McNally*, 52 S.W.3d at 196. To hold otherwise would simply resurrect the issues we put to rest in *Lehmann* and *McNally*, albeit in a slightly different form.

Like the movant in *McNally*, Farm Bureau failed to request an award of attorney's fees in its motion for summary judgment or to attach evidence supporting its claim for fees. Thus, as in *McNally*, there is no reason to presume that the trial court considered the issue when ruling on Farm Bureau's motion. The order's language taxing court costs is of no import because our decision in *McNally* established that such language does not, alone, evince a trial court's intent to dispose of attorney's fees. And most importantly, the parties presented no evidence from the record suggesting that the trial court intended the Mother Hubbard clause to deny attorney's fees to either party.[3] In the absence of evidence of the trial court's intent with respect to the parties' claims for attorney's fees, we find that the trial court's order did not dispose of all parties and claims.

---

[3] As noted above, Farm Bureau did not need to "substantially prevail[ ]" in a suit under the UDJA to receive attorney's fees. *See Barshop*, 925 S.W.2d at 637–38. Thus, the trial court did not dispose of the issue simply by ruling against Farm Bureau with respect to its duty to defend and indemnify Rogers.

Accordingly, without hearing oral argument, we affirm the court of appeals' judgment dismissing the appeal for want of jurisdiction. TEX. R. APP. P. 59.1.


**OPINION DELIVERED:** January 30, 2015