**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      *Allied Collision Center Inc. v. Ewemade Ozigbo*

Appellate case number:    01-15-01015-CV

Trial court case number:  2014-37834

Trial court:              215th District Court of Harris County

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as may be necessary to carry out the decree. *Id.* One reason why an order may not constitute a final judgment for these purposes is if it fails to resolve a request for attorney's fees. *E.g.*, *Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 162 (Tex. 2015) (per curiam).

The parties to this appeal contend that the trial judge entered final judgment by means of a document entitled "Findings of Fact and Conclusions of Law." Findings of fact should not be recited in a judgment; they should be filed with the clerk of the court as a document or documents separate and apart from the judgment. TEX. R. CIV. P. 299a. The presence of fact findings does not necessarily mean the document is not a final judgment.

The final section of this document states:

### III. JUDGMENT ORDERED

Judgment shall be entered against Defendant, in favor of Plaintiff, for damages, multiple damages, attorney's fees, and costs in the amount of Seven-Thousand-Nine Hundred-Two and 99/100 Dollars ($7,902.99) calculated as follows:

1.    $2,634.23 in actual damages;

2.    $5,268.46 in multiple damages pursuant to the Texas Deceptive Trade Practices Act; and

3.    Costs and attorney's fees as allowed by law.

The parties agree this is a final judgment, but that is inconsistent with their appellate arguments about attorney's fees. Appellant argues for a reversal of the fees award. Since the purported final judgment makes no award of a specific non-zero amount of fees, the fact that appellant challenged the fee award suggests that appellant anticipates some further order awarding "Costs and attorney's fees as allowed by law" referenced in the order. Likewise, appellee contends that she was awarded attorney's fees, but the amount has not yet been determined. The trial court's order could be read as awarding zero attorney's fees, but the parties apparently do not read it that way, instead arguing based on an implied assumption that the order is not final as to the issue of attorney's fees.

If the appellate court is uncertain about the finality of a purported judgment, it can abate the appeal to permit clarification by the trial court. *Lehmann*, 39 S.W.3d at 206 (citing TEX. R. APP. P. 27.2).

Accordingly, this appeal is abated and removed from this Court's active docket to permit the trial court to clarify its order. *See Lehmann*, 39 S.W.3d at 191. The order may be modified so as to be made final. *See* TEX. R. APP. P. 27.2. Any such modified order and all proceedings related to it may be included in a supplemental record. *Id.* If no such record is filed within 60 days of the date of this order, the parties shall file a status report with the clerk of this court.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record containing the trial court's ruling is filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale
                         Acting for the Court

Panel consists of Justices Massengale, Brown, and Huddle

Date:  December 23, 2016