COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          *Allied Collision Center Inc. v. Ewemade Ozigbo*

Appellate case number:    01-15-01015-CV

Trial court case number:  2014-37834

Trial court:                          215th District Court of Harris County

This is an appeal from a judgment signed September 1, 2015. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as may be necessary to carry out the decree. *Id.* One reason why an order may not constitute a final judgment for these purposes is if it fails to resolve a request for attorney's fees. *E.g.*, *Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 162 (Tex. 2015) (per curiam).

The judgment signed on September 1, 2015 awards "costs and attorney's fees as allowed by law" but does not award a specific dollar amount of costs or attorney's fees. The trial court's order could be read as awarding zero attorney's fees, but the parties apparently do not read it that way. Appellant argues for a reversal of the fees award, implying that the order is not final as to the issue of attorney's fees. Appellee contends that she was awarded attorney's fees, but the amount has not yet been determined.

It appears to this court that the judgment is neither final nor appealable, and therefore this court has no jurisdiction to entertain this appeal.

On December 23, 2016, we abated the case, affording the trial court an opportunity to clarify and modify its order to make it final.

On March 1, 2017, both parties filed status updates. Each party informed this court that the trial court had not amended the judgment.

Accordingly, unless appellant Allied Collision Center files a written response to this notice, providing a detailed explanation, citing relevant portions of the record, statutes, rules, or case law to show that this court has jurisdiction over this appeal, **this appeal may be dismissed for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 42.3(a), 43.2(f). This

appeal remains abated to permit the trial court to clarify its order. *See Lehmann*, 39 S.W.3d at 191. The order may be modified so as to be made final. *See* TEX. R. APP. P. 27.2. Any such modified order and all proceedings related to it may be included in a supplemental record and filed within 15 days. *Id.* Appellant's response is **due within 15 days** from the date of this order **or this appeal will be dismissed for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 42.3 (a), (c).

It is so ORDERED.

Judge's signature: /s/ Michael Massengale
                       Acting Individually

Date:  March 7, 2017