

NUMBER 13-18-00069-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

DEVON ENERGY PRODUCTION
COMPANY, L.P., F/K/A GEOSOUTHERN
DEWITT PROPERTIES, LLC, BHP BILLITON
PETROLEUM PROPERTIES (N.A.), LP F/K/A
PETROHAWK PROPERTIES LP,
GEOSOUTHERN ENERGY CORPORATION,
AND PETROHAWK ENERGY CORPORATION,                    Appellants,

v.

MICHAEL A. SHEPPARD, CONSTANCE S. KIRK,
JENNIFER S. BADGER, FRANK B. SHEPPARD,
JAMES K. CRAIN, CHRISTOPHER M. CRAIN,
JAMES K. CRAIN III, PATRICK G. CRAIN, AND
SHIRLEY R. CRAIN,                                     Appellees.

On appeal from the 24th District Court
of DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Chief Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

This is an appeal from a summary judgment on stipulated issues of lease royalty interpretation. Michael A. Sheppard, Constance S. Kirk, Jennifer Badger, Frank B. Sheppard, James K. Crain, Christopher M. Crain, James K. Crain, III, Patrick G. Crain and Shirley Crain (collectively Appellees) sued Devon Energy Production Company, L.P., f/k/a GeoSouthern DeWitt Properties, LLC, GeoSouthern Energy Corporation, BHP Billiton Petroleum Properties (N.A.), LP, f/k/a Petrohawk Energy Corporation (collectively Appellants) for declaratory judgment regarding the interpretation of oil and gas royalty contracts, an accounting, breach of contract, and attorneys' fees "pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code and Section 91.406 of the Texas Natural Resources Code."

The parties filed an agreed motion asking the trial court to "sever and abate all claims or damages (except for Plaintiffs' claims for attorneys' fees, if applicable, under the Declaratory Judgment Act) . . ." The trial court granted the joint motion and then decided competing summary judgment motions in favor of Appellees. Appellants appeal.

We first question whether the trial court's order on summary judgment was a final order.[1] This Court abated the appeal and remanded to the trial court for clarification. On remand, the trial court issued its Order Clarifying that No Final Judgment Has Been Entered because "Plaintiffs' claim for attorneys' fees [in the declaratory judgment action] remain[s] pending before the Court." The trial court clarified the record as requested and the case is hereby REINSTATED.

---

[1] The order at issue is the Declaratory Judgment on the Parties' Cross-Motions for Summary Judgment (Declaratory Judgment).

Appellants argue that the Declaratory Judgment disposed of all claims that were not severed. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204, 206 (Tex. 2001) (holding that a judgment is final if it disposes of all parties and all claims); *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 661–62 (Tex. App.— Houston [14th Dist.] 2013, no pet.) (holding that the pleading is insufficient to support attorney's fees). Appellants' argument is two-pronged: 1) the parties' Rule 11 Agreement provided that any Declaratory Judgment Act attorneys' fees claims would be adjudicated under section 38.001 of the Texas Civil Practice and Remedies Code in the severed action; and 2) Plaintiffs' Second Amended Petition does not assert a claim for attorneys' fees under the Declaratory Judgment Act.

Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss the appeal. *See Steeple Oil & Gas Corp. v. Amend*, 394 S.W.2d 789, 790 (Tex. 1965) (per curiam) (dismissing an appeal from an interlocutory judgment for lack of jurisdiction). The Declaratory Judgment does not adjudicate Plaintiffs' claim for attorneys' fees. Nor did Plaintiffs' Motion for Partial Summary Judgment raise the issue. Lastly, the parties asked—and the trial court ordered—that Appellees' claim for attorneys' fees not be severed into a separate suit. As a result, Appellees' claim for attorneys' fees remains in this suit and has not been disposed. Accordingly, the Declaratory Judgment does not dispose of all claims and cannot constitute a final judgment pursuant to *Lehmann*. *Lehmann*, 39 S.W.3d at 206.

The Court DISMISSES the appeal for lack of jurisdiction.  Tex. R. App. P. 43.2(f);

*see Farm Bureau Cty Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015).

GINA M. BENAVIDES,
Justice

Delivered and filed the
21st day of June, 2018.