

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00441-CV

**PROTOTYPE MACHINE COMPANY**,
Appellant

v.

Toledo P. **BOULWARE**, Individually and as Trustee; Shaver Banderaranch, LLC, as Successor-In-Interest to Dos Angeles, L.P.; Zach & Kayla Davis; D.M.C. Partners, Ltd.; Willie Jo Dooley, L.P.; Hayden G. Haby & Doris Y. Haby; Hayden Haby Jr. & Denette Haby Coates; Melanie & John Jones in their Capacity as Joint Representatives of the Ben Jones Sr. Estate; McDaniel Farms, Inc.; Jewel F. Robinson & 4-S Ranch; Justin Burk D/B/A Burk Farms; Robert E. Condry; John Boerschig, Tully Shahan; Kinney County Groundwater Conservation District; and Genell Hobbs in Her Official Capacity as General Manager of the Kinney County Groundwater Conservation District;
Appellees

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court No. 3469-A
Honorable Enrique Fernandez, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: December 5, 2018

DISMISSED FOR WANT OF JURISDICTION

After Appellant filed its brief, Appellees moved this court to dismiss this appeal for want of jurisdiction. Appellees assert that when the trial court severed Appellant's claims, Appellees' claims for attorney's fees and costs of court against Appellant were transferred into the severed

cause and are still live claims. Appellees insist the trial court has not rendered a final judgment in the severed cause and this appeal must be dismissed for want of jurisdiction.

After reviewing the record, we ordered Prototype Machine Company to show cause in writing why this appeal should not be dismissed for want of jurisdiction because the appellate record does not contain a final judgment. *See* TEX. R. APP. P. 42.3(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (noting that generally "an appeal may be taken only from a final judgment").

In Appellant's response, it argues the merits of the trial court's severance order but does not assert that the trial court has signed a final judgment that disposes of all parties and all claims. Appellant complains that the attorney's fees claims "were not properly severable from the main cause," but notes that the attorney's fees have not been determined by a final judgment.

Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order that does not dispose of all remaining parties and claims, including attorney's fees, is not a final judgment. *See Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015).

Appellant's response effectively concedes that the appellate record does not contain a final judgment, and Appellant failed to show how this court's jurisdiction has been invoked.

We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Lehmann*, 39 S.W.3d at 195. Costs of court for this appeal are taxed against Appellant.

PER CURIAM