**Dismissed and Memorandum Opinion filed March 5, 2020.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-18-00291-CV

**AVIAD HAZAN, Appellant**

**v.**

**HOMETOWN BANK, N.A., Appellee**

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2015-52078**

## MEMORANDUM OPINION

Appellant Aviad Hazan appeals the trial court's rendition of summary judgment in favor of appellee HomeTown Bank, N.A. The trial court's order, signed February 5, 2018, granted HomeTown's no-evidence and traditional motions for summary judgment and ordered that Hazan take nothing from HomeTown. This order, however, did not dispose of HomeTown's counterclaim against Hazan for attorney's fees under the Uniform Declaratory Judgments Act (UDJA). Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

In *Lehmann v. Har-Con Corp.*, the supreme court instructed that, "in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." 39 S.W.3d 191, 192–93 (Tex. 2001).

The trial court's summary-judgment order does not state with unmistakable clarity that it is a final judgment using the supreme court's recommended language in *Lehmann*. *See id.* Further, the order does not otherwise dispose of HomeTown's counterclaim for attorney's fees under the UDJA, which was not included in HomeTown's motions for summary judgment. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163–64 (Tex. 2015) (outstanding claim for attorney's fees under UDJA prevents finality of judgment absent *Lehmann* finality language). In response to this court's notice under Texas Rule of Appellate Procedure 42.3, HomeTown argues that its notice of "nonsuit" of its counterclaim for attorney's fees, filed after the trial court rendered summary judgment and after Hazan noticed this appeal, provides finality.[1] There is nothing in the record before us, however, indicating that the trial court signed a dismissal of HomeTown's claim for attorney's fees, as required to trigger appellate jurisdiction. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) ("Although the plaintiffs had filed notice to nonsuit [one of the defendants], the appellate timetable could not be triggered until a signed, written order of the court dismissed him.") (citing *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) ("When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and

---

[1] *See C/S Sols., Inc. v. Energy Maint. Servs. Grp. LLC*, 274 S.W.3d 299, 304–06 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Strictly speaking, a Rule 162 nonsuit applies to a dismissal of the *entire* case.").

when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties.")).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.