

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00127-CV

**TRANSWOOD CARRIERS**; Transwood Carriers, Inc.; and Transwood Logistics, Inc.,
Appellants

v.

**EP ENERGY E&P COMPANY, LP**; FTS International, Inc.; FTS International Services, LLC;
and J&R Valley Oilfield Services, Inc.,
Appellees

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 17-04-00078CVL
Honorable Walden Shelton, Judge Presiding[1]

PER CURIAM

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 19, 2021

DISMISSED FOR WANT OF JURISDICTION

After the clerk's record was filed, Appellee EP Energy E&P Company, LP moved to

dismiss this appeal for want of jurisdiction. It argues that the trial court's March 1, 2021 Order of

Dismissal is not a final order because it does not dispose of all claims and all parties. We agree.

We dismiss this appeal for want of jurisdiction.

---

[1] The Honorable Russell Wilson is the presiding judge of the 218th Judicial District Court. The Honorable Walden Shelton signed the March 1, 2021 Order of Dismissal.

## BACKGROUND

In the underlying case, Beverly Allen sued several defendants, including Appellants and Appellees, for injuries she sustained when she fell at a worksite controlled by one or more of the defendants.

In a cross-claim, EP Energy E&P Company, LP (EP) sued Appellants (collectively Transwood) for, inter alia, indemnification against Allen's claims.

The trial court granted EP's motion for summary judgment, but it did not dispose of EP's cross-claim for costs and attorney's fees. After Allen nonsuited her claims against all defendants, on March 1, 2021, the trial court signed an "Order of Dismissal." The body of the order states in its entirety as follows:

> CAME ON TO BE HEARD Plaintiff, Beverly A. Allen, in the above styled and numbered cause, seeking dismissal of said cause with prejudice. The Court is of the opinion and finds that all matters in dispute between Plaintiff and Defendants have been fully and finally compromised and settled.
>
> It is therefore ORDERED ADJUDGED and DECREED that the above-styled and numbered cause be and the same is dismissed with prejudice to the right of Plaintiff to re-file same or any part thereof. All costs of Court are taxed against the party incurring same.
>
> All relief not expressly granted herein is denied.

Transwood appealed, and EP moved to dismiss for want of jurisdiction, because, EP argues, there is no final judgment or order in the case. Transwood insists "all claims for affirmative relief had been resolved by way of summary judgment or nonsuit," and the trial court's dismissal order was final and appealable.

## APPLICABLE LAW

Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (footnote

omitted). But absent a conventional trial, a judgment "is final for purposes of appeal if and only if either [1] it actually disposes of all claims and parties then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (alterations in original) (quoting *Lehmann*, 39 S.W.3d at 192–93) (referring to "cases in which only one final and appealable judgment can be rendered").

To be a final order, "there must be some . . . clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* (quoting *Lehmann*, 39 S.W.3d at 205); *see Lehmann*, 39 S.W.3d at 200 ("The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself."). Further, "[a]n order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, *or even because it awards costs*." *Rogers*, 455 S.W.3d at 163 (alteration in original) (quoting *Lehmann*, 39 S.W.3d at 205).

## DISCUSSION

Transwood argues that the trial court's March 1, 2021 Order of Dismissal was final because "all claims for affirmative relief had been resolved by way of summary judgment or nonsuit," but the order and the record do not support its position.

The record conclusively establishes that EP cross-claimed against Transwood for, inter alia, defense, indemnity, and attorney's fees. The trial court granted summary judgments for EP on its defense and indemnification claims, but the trial court's January 14, 2019 order expressly reserved the amount of costs and attorney's fees for later disposition.

After the *Rohrmoos Venture* opinion issued, EP moved for leave to supplement its evidence on attorney's fees, *see Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019), but the attorney's fees question was not resolved before EP entered bankruptcy proceedings

and an automatic stay was imposed. When the stay lifted, Allen nonsuited her claims against all the defendants. Two days later, EP filed its first amended cross-claim against Transwood seeking a declaratory judgment regarding its duties to Transwood. Thereafter, the trial court dismissed Allen's claims with prejudice.

## A. Order Does Not Dispose of All Claims, Parties

The trial court's March 1, 2021 Order of Dismissal recognizes Allen's nonsuit and "finds that all matters in dispute between [Allen] and Defendants have been fully and finally compromised and settled." The order dismisses the cause "with prejudice to the right of [Allen] to re-file" the suit, and it orders that all relief not granted in the order is denied.

But the record does not show that the order "actually dispose[d] of all claims and parties then before the court." *See Rogers*, 455 S.W.3d at 163 (quoting *Lehmann*, 39 S.W.3d at 192–93); *cf. Lehmann*, 39 S.W.3d at 200 ("[I]t is quite possible, perhaps even probable these days in cases involving multiple parties and claims, that any judgment rendered prior to a full-blown trial is intended to dispose of only part of the case."). As we examine the order for indicia of finality, we note it does not state that EP's claims for costs and attorney's fees have been resolved. *See Rogers*, 455 S.W.3d at 163. It does not reference or expressly dispose of EP's first amended cross-claim, and it does not state that it disposes of all claims and all parties. *See id.* (noting "there must be some other clear indication that the trial court intended the order to completely dispose of the entire case" (quoting *Lehmann*, 39 S.W.3d at 205)). And merely stating that it taxes costs against the party that incurred them does not make the order final. *See id.* (noting that an order awarding costs does not make it a final order).

In light of the record[2] and the order's plain language, we conclude the March 1, 2021 Order of Dismissal did not provide a "clear indication" of its intent to dispose of all claims and all parties. *See id.* (quoting *Lehmann*, 39 S.W.3d at 205).

**B.      No Unmistakable Clarity**

Transwood does not argue that the order "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *See Rogers*, 455 S.W.3d at 163 (quoting *Lehmann*, 39 S.W.3d at 192–93).  The order's plain language shows it does not.  *See id.*

We conclude that the trial court's March 1, 2021 Order of Dismissal did not dispose of all claims and parties or "state[] with unmistakable clarity that it is a final judgment as to all claims and all parties." *See id.*

CONCLUSION

The record does not establish that the trial court's March 1, 2021 Order of Dismissal disposed of all claims and all parties, and the order does not state with unmistakable clarity its intent to dispose of all claims and all parties; thus, it is not a final, appealable order.  Therefore, we grant Appellee's motion, and we dismiss this appeal for want of jurisdiction.

PER CURIAM

---

[2] We note the trial court's subsequent order of March 24, 2021, which granted EP's motion for leave to supplement evidence, expressly states that it (the March 24, 2021 order) "does NOT dispose of all claims and all parties."