# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00782-CV

**Uptown Cars, Inc., Appellant**

**v.**

**Newcastle Management Trust and Jerry Landers, Appellees**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-000432, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In October 2019, Uptown Cars, Inc., filed a notice of appeal regarding the trial court's "Order on Cross Motions for Summary Judgment" addressing a dispute regarding an easement. After Newcastle Management Trust and Jerry Landers filed with the trial court motions to modify the order, Uptown Cars filed with this Court in December 2019 an unopposed motion to suspend the appellate deadlines until the trial court ruled on the pending motions to modify. Accordingly, this Court issued a memorandum opinion suspending all appellate deadlines and abating the appeal until the parties notified this Court that the trial court had ruled on the motions to modify. Months later, the parties filed a status report stating that the trial court had issued an amended order granting, in part, the motions to modify, amending the prior order, and specifying that the trial court will conduct a hearing to determine attorney's fees and costs, but the parties also explained that no hearing had been held.

In response, this Court requested a supplemental clerk's record containing the trial court's most recent ruling in this case. The trial court's amended order specified that it was not a final and appealable order by explaining that the trial court will be conducting a hearing and taking evidence regarding whether to award attorney's fees and costs and by removing the language from the previous version stating that the order was final and appealable, that the order disposed of all parties and claims, and that all relief requested but not expressly granted was denied. After receiving the supplemental clerk's record, this Court sent a letter to Uptown Cars asking Uptown Cars to explain how we may exercise jurisdiction over the appeal and warning that the failure to file a response before June 7, 2021, could result in the appeal being dismissed. To date, no response has been filed.

Generally, appellate courts have jurisdiction over appeals taken from final judgments and interlocutory orders the Texas Legislature has deemed appealable. *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a) (setting out types of interlocutory orders from trial courts that may be appealed). The amended order is not a final judgment because it did not dispose of all pending parties and claims, *see Lehmann*, 39 S.W.3d at 195; *see also Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (affirming dismissal for want of jurisdiction because trial court order did not dispose of claim for attorney's fees), and the order is not the type of interlocutory order that the Legislature has made appealable, *see* Tex. Civ. Prac. & Rem. Code § 51.014(a).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), (c).

_____
Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   June 25, 2021