

# NUMBER 13-21-00271-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MIHAIL CHRISSOS A/K/A MIHAIL CHRYSSOS AND
MARIA CHRISSOS A/K/A MARIA CHRYSSOS,                    Appellants,

v.

PLAINSCAPITAL BANK,                                             Appellee.

On appeal from the 105th District Court
of Nueces County, Texas.

# ORDER OF ABATEMENT

**Before Justices Longoria, Hinojosa, and Silva
Order Per Curiam**

Appellants Mihail Chrissos a/k/a Mihail Chryssos and Maria Chrissos a/k/a Maria Chryssos seek to appeal the trial court's order imposing death penalty sanctions and rendering judgment in favor of appellee PlainsCapital Bank. We abate the proceeding and remand it to the trial court for clarification of its judgment.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). On appeal, appellants contend that the appealed order, entitled "ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT," is not a final, appealable order because it includes language directly contradicting finality in its observance of unspecified "other and further relief, both general and special, at law or in equity, to which PlainsCapital may justly be entitled." *See generally Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam).

Having reviewed the order, record made available on appeal, and arguments of the parties, we now request that the trial court confirm that its order was intended to dispose of all of the parties' claims so as to ensure judgment finality for purposes of establishing our jurisdiction. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001))); *see also Garcia v. Gonzalez*, No. 13-20-00221-CV, 2021 WL 5365105, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 18, 2021, no pet.) (mem. op.) (abating proceedings sua sponte for clarification of trial court's order to ensure appellate jurisdiction).

Accordingly, this Court, on its own motion, issues the following order. We abate the appeal and remand the cause to the trial court. On remand, the trial court is ordered to, within thirty days of this order, inform this Court by written explanation about whether it intended for the judgment to completely dispose of all claims against each of the parties.

2

*See, e.g., Bella Palma, LLC*, 601 S.W.3d at 802 ("Here, the Clarifying Order left no doubt about finality, so the court of appeals erred in turning to the record to resolve the issue. Instead, the appellate court was obligated to take the Clarification Order at face value, as a clear indication that the trial court intended the order to completely dispose of the entire case.") (cleaned up). Any record of proceedings shall be included in a supplemental reporter's record. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. If the trial court requires additional time to comply, the trial court should so notify the Clerk of this Court. The appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court.

PER CURIAM

Delivered and filed on the
7th day of September, 2022.