

# Fourth Court of Appeals
## San Antonio, Texas

October 4, 2022

No. 04-22-00454-CV

Billie O. **STONE** d/b/a Stobil Enterprises,
Appellant

v.

**K CLARK PROPERTY MANAGEMENT LLC** and Trans Ventura, LLC Series B,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI03480
Honorable H. Paul Canales, Judge Presiding

# O R D E R

Appellant seeks to appeal from the trial court's summary judgment order signed on July 1, 2022. On September 30, 2022, the trial court clerk filed the clerk's record. After reviewing the record, we cannot determine whether the summary judgment order is a final, appealable order.

An order granting summary judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Here, the trial court's order does not unequivocally state that it finally disposes of all claims and parties, and it is unclear from the order and the record whether appellees' request for attorney's fees remains pending. Appellees requested attorney's fees in their answer and in their motion for summary judgment. The trial court's order states that appellees' motion for summary judgment is granted in its entirety; however, the order does not award attorney's fees. *See Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (holding trial court's summary judgment order did not dispose of parties' requests for attorney's fees); *see also In re Educap, Inc.*, No. 01–12–00546–CV., 2012 WL 3224110, at *2 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (determining trial court did not render final judgment when judgment failed to address claim for attorney's fee, which was expressly asserted in party's answer and motion for summary judgment).

Accordingly, we *sua sponte* **ABATE** this appeal and **ORDER** the trial court to clarify whether it intended to render a final judgment and, if so, to sign a judgment that is final for

purposes of appeal.  *See Lehmann*, 39 S.W.3d at 206 ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court.").

We further **ORDER** the trial court to cause a supplemental clerk's record containing any pleadings, orders, and judgment relating to this order to be filed in this court by **November 3, 2022**.  All other appellate deadlines are suspended pending further order of this court.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of October, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court