ACCEPTED
15-24-00097-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/27/2025 11:13 AM
CHRISTOPHER A. PRINE
CLERK

**Appellate Docket Number: 15-24-00097-CV**

-----------------------------------------------------------------------------

In The Court Of Appeals

For The Fifteenth Court Of Appeals District

Austin, Texas

-----------------------------------------------------------------------------

Randal Law

Appellant,

v.

Texas Department of Insurance — Division of Workers'
Compensation Subsequent Injury Fund, Jeff Nelson, Kara Mace,
and Blaise Gerstenlauer TDI-DWC-SIF

Appellee.

-----------------------------------------------------------------------------

ON APPEAL FROM THE 353rd Civil District Court , TRAVIS
COUNTY , T EXAS

Civil District Court CAUSE NO . **D-1-GN-24-003462**

-----------------------------------------------------------------------------

**Brief of Appellant Randal Law**

-----------------------------------------------------------------------------

Randal Law - *Pro Se*

## Identity of Parties and Counsel:

### Appellant/Plaintiff:

Randal Law, 701 E 11th St, Del Rio Tx 78840

Telephone: (830) 768-1556

rlaw9@stx.rr.com

### Appellee/Defendant:

Texas Department of Insurance – Division of Workers' Compensation - Subsequent Injury Fund, Jeff Nelson, Kara Mace, and Blaise Gerstenlauer TDI-DWC-SIF

### Defendant/Appellee's Appellate Counsel:

CANON HILL
State Bar No. 24140247
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1838
Canon.Hill@oag.texas.gov

----------------------------------------------------------------

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...……………......2

TABLE OF CONTENTS ........................……………....3

INDEX OF AUTHORITIES ............................…………..4

STATEMENT OF THE CASE ……...................…………....5-6

REFERENCES TO THE PARTIES ...................…………..…7

REFERENCES TO THE RECORD .................……...……..8

STATEMENT ON ORAL ARGUMENT .................……....8

ISSUE PRESENTED ...........................……..………..9

I. INTRODUCTION ...........................……...……..10

II. STATEMENT OF FACTS ....................……...……..10

A.  Legal Background .......................……...……..10

B. Hearing and Finding of Facts and Conclusions of Law..…..11-12

III. SUMMARY OF THE ARGUMENT ...........……..……..13

IV. ARGUMENT ......................……...………..14

A. Standard of Review ...................……...……..14

V. CONCLUSION AND PRAYER.................…….……..15

CERTIFICATE OF COMPLIANCE ...........……...……..16

CERTIFICATE OF SERVICE..................……….……..17

INDEX OF APPENDICES ...................................................18


INDEX OF AUTHORITIES
Cases in re: Tex. R. Civ. P. 296,297

Farm Bur. Cty. Mut. Ins. v. Rogers, 455 S.W.3d 161, 163 (Tex. 2015);................................................................11

Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex. 2001)...............................................................11.


Statutes
• Texas Labor Code Section 408.161(a)(1).....................5,10,13

• SUBCHAPTER K. PROTECTION OF RIGHTS TO BENEFITS, Sec. 408.201.BENEFITS EXEMPT FROM LEGAL PROCESS......5,10,13

• Tex. R. Civ. P. 296................................................11-12

• Tex. R. Civ. P. 297................................................12

Rules:    Tex. R. App. P. 33.1(a). ...............................5-6

# STATEMENT OF THE CASE

*Nature of the case:*                    :

This case is a very severe matter asking for Injunctive Relief since May of 2024 ( 5/14/2024 C.R. 61.) and has been brought before the Texas Judicial Review System to show that the defendant, manager Blaise Gerstenlauer of the Subsequent Injury Fund (a complete and separate entity of Texas Department of Insurance ~ Division of Workers Compensation), acted with very Severe Ultra Vires conduct in his official capacity and without legal authority. We are respectfully requesting to have the manager Blaise Gerstenlauer comply with the law as written and intended by the Texas Legislature.

1 Texas Labor Code Section 408.161(a)(1) - Lifetime income benefits are paid until the death of the employee.

2 SUBCHAPTER K. PROTECTION OF RIGHTS TO BENEFITS, Sec. 408.201.BENEFITS EXEMPT FROM LEGAL PROCESS. Benefits are exempt from:

(1)   garnishment;, 2)   attachment; (3)   judgment;   and 4)   other actions or claims

A hearing was set by the Defendants Counsel for July 16, 2024 (C.R. 83.) and after a continuance (C.R. 87-89.) a extremely rushed (prior cases in line took well over their allotted 30 minutes in the Short Court) The 353rd Civil District Court zoom hearing took place on 8/27/2024 at 2:00PM in regard to Jurisdiction.(C.R. 95.)

*353rd Civil District Court:*

The Honorable Judge Madeleine Connor 353rd Civil District Court Travis County, Texas.

*353rd Civil District Court Disposition:*

The 353rd Civil District Court court, being perturbed by the very time consuming prior cases in the short court line order, approached this case extremely rushed and then proceeded to become verbally perplexed at Plaintiffs written response with a "Lifetime Income Benefit?" and the Subsequent Injury Fund?, abruptly concluded that Defendant prevail as to the issue of Sovereign Immunity/ Jurisdiction. (C.R. 95.)

# REFERENCES TO THE PARTIES

*Appellant:*

Randal Law

*Appellee:*

TEXAS DEPARTMENT OF INSURANCE-DIVISION OF WORKERS'
COMPENSATION-SUBSEQUENT INJURY FUND, JEFF NELSON, KARA
MACE, AND BLAISE GERSTENLAUER-TDI/DWC/SIF

*Defendants:*

Blaise Gerstenlauer - Subsequent Injury Fund Manager

## REFERENCES TO THE RECORD

The Clerk's Record will be referenced as: C.R. [PDF page number].

The Appendix to this brief will be referenced as: App. [Letter].

## STATEMENT ON ORAL ARGUMENT

Randal Law does not request oral argument.

## ISSUE PRESENTED

Catastrophically Injured (Legally Blind with Closed Head Injury plus other bodily injuries) Plaintiff Randal Law has been receiving, on a monthly basis, a Uninterrupted Lifetime Income Benefit from the Subsequent Injury Fund for over two decades up and until the now new manager of the Subsequent Injury Fund Blaise Gerstenlauer took over the management role from John Casub. Upon being in the management role Blaise Gerstenlauer sought to unilaterally/solely Act Severe Ultra Vires to interrupt Plaintiffs Lifetime Income Benefit.

Thus we are here at this point in time proving under Texas Statute(s) that the Lifetime Income Benefit is indeed protected by the Texas Legislature until the death of the Catastrophic Injured Worker and protected from "other actions" of interrupting the Lifetime Income Benefit by way of a Severe Ultra Vires Act from manager Blaise Gerstenlauer that surely has invoked Plaintiffs ability/right to bypass the Sovereign Immunity/Jurisdiction and lawfully proceed within the Texas Judicial Review System to try and be fairly and reasonably heard as a Catastrophic Injured Worker in the State of Texas.

Question of Texas State Law!

- Does a Subsequent Injury Fund manager possess the sole unilateral power to Act Severe Ultra Vires in Usurping Texas State Law to interrupt a Catastrophic Injured Workers, over two decades old, Lifetime Income Benefit?

# I. INTRODUCTION

Plaintiff Randal Law files this brief respectfully asking this Honorable Fifteenth Court Of Appeals to reverse the lower court's order and render that Plaintiff be granted Jurisdiction. The Court should reverse the lower court's final judgment/order because the Defendants Severe Ultra Vires Act at issue has clearly invoked Plaintiffs ability/right to bypass the Sovereign Immunity/Jurisdiction and lawfully proceed within the Texas Judicial Review System to try and be fairly and reasonably heard as a Catastrophic Injured Worker in Texas.

# II. STATEMENT OF FACTS

## A. Texas State Statute(s)

The Texas State Legislature created the Texas State Statute(s) in order to carefully provide protections for the Catastrophic Injured Workers Lifetime Income Benefit from interruption understanding that the Lifetime Income Benefit is the sole primary source of income that sustains the very Life of the Catastrophic Injured Worker in that

*The Legislative Intent is Immediately made precise and certain.*

1 Texas Labor Code Section 408.161(a)(1) - Lifetime income benefits are paid until the death of the employee.

2 SUBCHAPTER K. PROTECTION OF RIGHTS TO BENEFITS, Sec. 408.201.BENEFITS EXEMPT FROM LEGAL PROCESS. Benefits are exempt from:

(1) garnishment;, 2) attachment; (3) judgment; and 4) other actions or claims

## B.    The Hearing and Finding of Facts and Conclusions of Law

A hearing was set by the Defendants Counsel for July 16, 2024 (C.R. 83.) and after a continuance (C.R. 87-89.) a extremely rushed (prior cases in line took well over their allotted 30 minutes in the Short Court) The 353rd Civil District Court zoom hearing took place on 8/27/2024 at 2:00PM in regard to Jurisdiction.(C.R. 95.)

The 353rd Civil District Court Judge, was extremely rushed and very verbally perplexed at Plaintiffs written response (written response due to disability with very little verbal during the hearing) with a "Lifetime Income Benefit?" and involving a Subsequent Injury Fund?, abruptly concluded that Defendant prevail as to the issue of Sovereign Immunity/ Jurisdiction.

Plaintiff Randal Law respectfully requested and timely filed a Tex. R. Civ. P. 296 with clarification (C.R. 106-107.) only to receive a timely response(C.R. 112-115.) from Defendants that expressly and very falsely denied that the hearing actually disposes of all parties and claims at issue in the lawsuit thus a final judgement and then Defendants Counsel turned right around in this Honorable Fifteenth Court Of Appeals and acknowledge through their docketing statement, checked mark box, that indeed the hearing actually disposes of all parties and claims at issue in the lawsuit thus a final judgement.

In regard to the Defendants Counsel Response on Tex. R. Civ. P. 296 dated and received 09/23/2024 (C.R. 112-115.) the Plaintiff, Randal Law, would respectfully have it recognized that a Judgment is final where it either (1) actually disposes of all parties and claims at issue in the lawsuit, or (2) expressly states that it disposes of all claims and parties in the lawsuit even if it does not actually do so. This is true without regard to the label put on the order. A District Court Order doesn't have to be called final judgment to be actually a final judgment.

Farm Bur. Cty. Mut. Ins. v. Rogers, 455 S.W.3d 161, 163 (Tex. 2015);

Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex. 2001).

For the purpose of Tex. R. Civ. P. 296 - the Hearing Order issued on the 27th day of August 2024 2:00pm with the Honorable Judge Madeleine Connor 353rd Civil District Court in the matter of the Texas Department of Insurance- Division of Workers' Compensation- Subsequent Injury Fund- Plea to the Jurisdiction actually disposes of all parties and claims at issue in the lawsuit, Thus Defendants Counsel Response on Tex. R. Civ. P. 296 dated and received 09/23/2024 is wrong in its total construed content as to Trial and Final Judgement versus a Hearing (*as this one*) and Final Judgement that actually disposes of all parties and claims at issue in the lawsuit,

8/27/2024 (C.R. 96-99.) Index is written "CVD: FINAL JUDGMENT (OCA): CVD: FINAL JUDGMENT (OCA)


Plaintiff Randal Law respectfully replied to Defendants Counsel Response (C.R. 117-119.) followed by a correction (C.R. 120-122.) and would ask this Honorable Fifteenth Court Of Appeals to view the Judges Notes/Comments (C.R. 116.) in which preference was given 9/23/2024 "Defense counsel filed objection to request for FOF/COLs. The 353rd Court will not issue FOF/COLs at this time in light of the objection."

Plaintiff Randal Law respectfully request this Honorable Fifteenth Court Of Appeals to fairly and reasonably give the Plaintiffs Response (C.R. 120-122.) the same weight as was given to Defendants Counsel Response by the Judges Notes/Comments (C.R. 116.) 9/23/2024and have it now issued/ordered the FOF/COLs at this time.

## III. SUMMARY OF THE ARGUMENT

Plaintiff Randal Law files this brief respectfully asking this Honorable Fifteenth Court Of Appeals to reverse the lower court's order and render that Plaintiff be granted Jurisdiction. The Court should reverse the lower court's judgment/order because the Defendants Severe Ultra Vires Act at issue has clearly invoked Plaintiffs ability/right to bypass the Sovereign Immunity/Jurisdiction and lawfully proceed within the Texas Judicial Review System to be fairly and reasonably heard as a Catastrophic Injured Worker in Texas.

- Does a Subsequent Injury Fund manager possess the sole unilateral power to Act Severe Ultra Vires in Usurping Texas State Law to interrupt a Catastrophic Injured Workers, over two decades old, Lifetime Income Benefit?

1 Texas Labor Code Section 408.161(a)(1) - Lifetime income benefits are paid until the death of the employee.

2 SUBCHAPTER K. PROTECTION OF RIGHTS TO BENEFITS, Sec. 408.201.BENEFITS EXEMPT FROM LEGAL PROCESS.   Benefits are exempt from:

(1)   garnishment;, 2)   attachment; (3)   judgment;   and 4)   other actions or claims

# IV. ARGUMENT

## A. Standard of Review

Addressing this very Severe Issue may require interpretation of Labor Code, Chapter 408. Workers' Compensation Benefits which occurs under a de novo standard of review. Otherwise this is an abuse of discretion/rush to judgement review.

A district court abuses its discretion in a rush to judgement by erroneously interpreting a law or by resting its decision on an inaccurate view of the law.

* Plaintiff Randal Law would respectfully request that this Honorable Fifteenth Court Of Appeals to please be mindful during this very crucial review application process that Plaintiff Randal Law is a pro se Catastrophic Injured Worker receiving a Lifetime Income Benefit (LIBs) from the Subsequent Injury Fund (SIF). The LIBs from the SIF are not very well known at all or understood by Many involved within the Texas Judicial Review System due to the very low number of active LIBs cases at the SIF. This very low number of active LIBs at the SIF therefore has resulted in next to no case history or precedent that we can find and therefore found this case reliant on other Similarly Ultra Vires cases and Supreme Court Decisions. Plaintiff Randal Law being with catastrophic disabilities is trying to protect his LIBs with whats available and would ask this court at what point does a Catastrophic Injured Workers disabilities for a proper defense against a Severe Ultra Vires Act become unfair, unreasonable or God Forbid unattainable?.

## V. CONCLUSION AND PRAYER

This case is a very severe matter asking for Injunctive Relief since May of 2024 ( 5/14/2024 C.R. 61.) and has been brought before the Texas Judicial Review System to show that the defendant, manager Blaise Gerstenlauer of the Subsequent Injury Fund (a complete and separate entity of Texas Department of Insurance ~ Division of Workers Compensation), acted with very Severe Ultra Vires conduct in his official capacity and without legal authority.

We are respectfully requesting to have the manager Blaise Gerstenlauer comply with the law as written and intended by the Texas Legislature.

Therefore, this Court should set the lower court's judgment aside and render a Plaintiff has Jurisdiction judgment..

Respectfully submitted,

1-27-2025

/s/ Randal Law
Randal Law. Plaintiff
701 E. 11th Street
Del Rio, TX 78840

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Texas Rule of Appellate Procedure 9.4(i)(3), and the word count of this document is 2,440 words including all portions that are not exempted by the rule. The word processing software used to prepare this filing and calculate the word count of the document is WPS Office.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record shown below by e-service and/or e-mail in accordance with the Texas Rules of Civil Procedure on January 27, 2025.

CANON HILL
State Bar No. 24140247
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1838
Canon.Hill@oag.texas.gov

# INDEX OF APPENDICES

A- Order of the 353rd Judicial District Court of Travis County Texas signed on August 27, 2024...........................…

B- Statutes on which the argument is based...................

# APPENDIX A

CAUSE NO. D-1-GN-24-003462

| | | |
|---|---|---|
| RANDAL LAW<br>*Plaintiff,* | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | TRAVIS COUNTY, TEXAS |
| INSURANCE-DIVISION OF | § | |
| WORKERS' COMPENSATION- | § | |
| SUBSEQUENT INJURY FUND, | § | |
| JEFF NELSON, KARA MACE, AND | § | |
| BLAISE GERSTENLAUER | § | |
| *Defendants.* | § | 459TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT'S PLEA TO THE JURISDICTION

On the 27th day of August 2024, the Court considered Defendants' Plea to the Jurisdiction in the above styled and numbered cause. The Court, having considered the pleadings and arguments of counsel, is of the opinion that Defendants' Plea to the Jurisdiction should be GRANTED.

Defendant's Plea to the Jurisdiction is GRANTED.

All claims against Defendants are DISMISSED without prejudice for lack of jurisdiction.

This order disposes of all claims against the Texas Department of Insurance-Division of Workers' Compensation Subsequent Injury Fund, Jeff Nelson, Kara Mace, and Blaise Gerstenlauer and is final and appealable.

SIGNED this 27th day of August, 2024.

_____
Presiding Judge

Copy from re:SearchTX

# APPENDIX B

Texas State Statutes on which the argument is based is here as a list with then attached casetext copies.

Statutes on which the argument is based include:

- Texas Labor Code Section 408.161(a)(1)
- SUBCHAPTER K. PROTECTION OF RIGHTS TO BENEFITS, Sec. 408.201.BENEFITS EXEMPT FROM LEGAL PROCESS.
- Tex. R. Civ. P. 296
- Tex. R. Civ. P. 297

# Tex. Lab. Code § 408.161

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits are paid until the death of the employee for:

**(1)** total and permanent loss of sight in both eyes;

**(2)** loss of both feet at or above the ankle;

**(3)** loss of both hands at or above the wrist;

**(4)** loss of one foot at or above the ankle and the loss of one hand at or above the wrist;

**(5)** an injury to the spine that results in permanent and complete paralysis of both arms, both legs, or one arm and one leg;

**(6)** a physically traumatic injury to the brain that, as determined using evidence-based medicine, results in a permanent major neurocognitive disorder:

**(A)** for which the employee requires occasional supervision in the performance of routine daily tasks of self-care; and

**(B)** that renders the employee permanently unemployable ; or

**(7)** third degree burns that cover at least 40 percent of the body and require grafting, or third degree burns covering the majority of:

**(A)** both hands;

**(B)** one hand and one foot; or

**(C)** one hand or one foot and the face.

**(b)** For purposes of Subsection (a), the total and permanent loss of use of a body part is the loss of that body part.

**(c)** Subject to Section 408.061, the amount of lifetime income benefits is equal to 75 percent of the employee's average weekly wage. Benefits being paid shall be increased at a rate of three percent a year notwithstanding Section 408.061.

**(d)** An insurance carrier may pay lifetime income benefits through an annuity if the annuity agreement meets the terms and conditions for annuity agreements adopted by the commissioner by rule. The establishment of an annuity under this subsection does not relieve the insurance carrier of the liability under this title for ensuring that the lifetime income benefits are paid.

*Tex. Lab. Code § 408.161*

Amended by Acts 2023, Texas Acts of the 88th Leg.- Regular Session, ch. 721,Sec. 2, eff. 9/1/2023.
Amended By Acts 2005, 79th Leg., Ch. 265, Sec. 3.126, eff. 9/1/2005.
Amended By Acts 2001, 77th Leg., ch. 1456, Sec. 9.01, eff. 6/17/2001.


casetext
Part of Thomson Reuters

Amended By Acts 1999, 76th Leg., ch. 1426, Sec. 14, eff. 9/1/1999

Amended by Acts 1997, 75th Leg., ch. 1443, Sec. 7, eff. 9/1/1997

Acts 1993, 73rd Leg., ch. 269, Sec. 1, eff. 9/1/1993.

casetext
Part of Thomson Reuters

# Tex. Lab. Code § 408.201

Benefits are exempt from:

**(1)** garnishment;

**(2)** attachment;

**(3)** judgment; and

**(4)** other actions or claims.

*Tex. Lab. Code § 408.201*

Acts 1993, 73rd Leg., ch. 269, Sec. 1, eff. 9/1/1993.

casetext
Part of Thomson Reuters

# Tex. R. Civ. P. 297

### Rule 297 - Time to Send Findings of Fact and Conclusions of Law

Within twenty days after a timely request is filed, the court must send its findings of fact and conclusions of law to the parties as provided in Rule 21(f)(10).

If the court fails to send timely findings of fact and conclusions of law, the party making the request must, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which must be immediately called to the attention of the court by the clerk. Such notice must state the date the original request was filed and the date the findings and conclusions were due. Upon filing this notice, the time for the court to send findings of fact and conclusions of law is extended to forty days from the date the original request was filed.

*Tex. R. Civ. P. 297*

Amended August 7, 2023, effective 9/1/2023; amended September 8, 2023, effective 9/8/2023; amended May 28, 2024, effective 5/28/2024.

**Notes and Comments**

*Comment to 1990 change: To revise the practice and times for findings of fact and conclusion of law. See also Rules 296 and 298.*


casetext
Part of Thomson Reuters

# Tex. R. Civ. P. 296

Rule 296 - Requests for Findings of Facts and Conclusions of Law

In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request shall be entitled "Request for Findings of Fact and Conclusions of Law" and shall be filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who tried the case. The party making the request shall serve it on all other parties in accordance with Rule 21a.

*Tex. R. Civ. P. 296*


casetext
Part of Thomson Reuters