

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00218-CV

_____

TARA MCDANIEL, Appellant

V.

CLIVE RYAN AND LAFREE RYAN, Appellees

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-323962-21

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Tara McDaniel, proceeding pro se, attempts to appeal from the May 26, 2023 "Order Granting Defendants['] Summary Judgment." The order specifically states that the order "disposes of and resolves all claims against all parties, except for the [c]ourt's determination of the final amount of Defendants' attorneys' fees and costs, which shall be briefed for inclusion in a final judgment."

Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (op. on reh'g). Because no statute authorizes an interlocutory appeal in this case, this court has jurisdiction over this appeal only if the trial court's summary-judgment order is a final judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing interlocutory orders that are appealable); *Johns v. Fox Hall, Ltd.*, No. 01-22-00403-CV, 2022 WL 16756369, at *1 (Tex. App.—Houston [1st Dist.] Nov. 8, 2022, no pet.) (per curiam) (mem. op.). A summary-judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). It is well established that an order that does not dispose of all pending claims, including attorney's fees, is not a final order. *See Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001).

Here, the order makes clear that attorneys' fees remain pending. Thus, the summary-judgment order is not a final judgment. *See Rogers*, 455 S.W.3d at 164; *McNally*, 52 S.W.3d at 196. Rather, the summary-judgment order is interlocutory, and as mentioned, no interlocutory appeal is authorized from the order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a).

We therefore notified the parties that because the May 26, 2023 order did not appear to be a final judgment or an appealable interlocutory order, this appeal could be dismissed for lack of jurisdiction unless any party filed a response on or before July 10, 2023, showing grounds for continuing this appeal.

McDaniel did not file a response, but on July 12, 2023, she filed a motion requesting an extension of time to allow her to seek a permissive appeal from the trial court. In that motion, McDaniel acknowledges that we lack jurisdiction over her appeal. However, McDaniel did not follow the procedures for a permissive appeal, including filing a timely petition for permissive appeal within fifteen days after the order to be appealed was signed and obtaining permission from the trial court to appeal the otherwise unappealable order. *See* Tex. R. App. P. 28.3(a), (c), (e); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f). Accordingly, we deny McDaniel's motion for extension of time.

Because the summary-judgment order is not a final judgment and because an interlocutory appeal of the order is not authorized by statute, we conclude that we lack jurisdiction over the appeal. We therefore dismiss the appeal for lack of

jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Rogers*, 455 S.W.3d at 164; *McNally*, 52 S.W.3d at 196; *Bethany v. Bethany*, No. 03-19-00532-CV, 2020 WL 1327398, at *1 (Tex. App.—Austin Mar. 20, 2020, no pet.) (mem. op.).

Per Curiam

Delivered:  July 27, 2023

4