

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00061-CV

_____

ADITYA BUSINESS, INC., SIDDHIVINAYAK BUSINESS, INC., DIPTI CHOKSI, AND JIGNESHKUMAR SHAH, Appellants

V.

BRAD HALL & ASSOCIATES, INC., Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-347809-23

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

Appellee Brad Hall & Associates, Inc. sued Appellants Aditya Business, Inc.; Siddhivinayak Business, Inc.; Dipti Choksi; and Jigneshkumar Shah for breach of contract and other claims, seeking damages and attorney's fees under Texas Civil Practice and Remedies Code Section 38.001. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001. Appellee filed a motion for summary judgment, which the trial court granted. The trial court's December 12, 2024 "Order Granting Plaintiff's Amended Motion for Summary Judgment" awards Appellee "damages in the amount of $75,293.26," plus prejudgment interest. It further states, "[Appellee] shall recover reasonable attorneys' fees and expenses against [Appellants]. [Appellee] shall submit to th[e trial c]ourt an affidavit setting forth its reasonable attorneys' fees within 21 days of this Order."

When a judgment does not follow a conventional trial on the merits, courts will deem the judgment to be final when it "(1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). The order here contains no language of finality. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001) (stating that for an order to be final on its face, "there must be some . . . clear indication that the trial court intended the order to completely dispose of the entire case" and that "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave

no doubt about the court's intention"); *see also In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 918 (Tex. 2024) (orig. proceeding) ("[A]n order or judgment that does not follow a conventional trial on the merits is not final on its face unless it is clear and unequivocal about its own finality."). The trial court's order here does not actually dispose of every pending claim because it leaves the attorney's fees claim unresolved; it expresses the trial court's intent to grant Appellee's requests for attorney's fees but does not award any amount and asks Appellee to submit evidence of the amount to be awarded.

Appellee raised the issue of finality in this court, and in response, Appellants argued the trial court intended for its order to be a final judgment because (1) after signing the order, the trial court made the notation "case closed" on the docket; (2) Appellants filed a motion for new trial, which the trial court considered and denied; and (3) after Appellants filed their notice of appeal, Appellee filed a motion for entry of final judgment, which the trial court has not ruled on. But regardless of whether the trial court intended its order to be a final judgment, the order is not final because it contains no finality language and does not actually dispose of all claims and parties. *See Farm Bureau Cnty. Mut. Ins. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015); *Kanas v. Garcia*, No. 02-25-00238-CV, 2025 WL 2006079, at *1 (Tex. App.—Fort Worth July 17, 2025, no pet. h.) (mem. op.); *see also Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 825 (Tex. 2024) (noting that "when a party seeking fees in connection with its claim meets the

3

requirements of a mandatory fee-shifting statute" such as Section 38.001, "a trial court must expressly dispose of the fee request to achieve finality"). The cases cited by Appellants do not contradict our holding. *See, e.g.*, *Lehmann*, 39 S.W.3d at 205–06; *Prather v. Callon Petroleum Operating Co.*, 648 S.W.3d 618, 627 (Tex. App.—Eastland 2022, no pet.) (noting that a judgment is final "[i]f the trial court's intent to finally dispose of the case is clear *from its judgment*" and that "[a] trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable" (emphasis added)).

Generally, appeals may be taken only from final judgments and certain interlocutory orders made immediately appealable by statute. *See Lehmann*, 39 S.W.3d at 195; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Without a final judgment or an appealable interlocutory order, we lack jurisdiction over the appeal, and we must dismiss it. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Accordingly, because the order from which Appellants have appealed is not a final judgment or an appealable interlocutory order, we dismiss the appeal for want of jurisdiction.


/s/ Mike Wallach
Mike Wallach
Justice

Delivered: August 28, 2025

4